**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| STATE AUTO INSURANCE | ) | |
| COMPANY OF WISCONSIN | ) | |
| 518 E. Broad St. | ) | |
| Columbus, OH 43215 | ) | |
| | ) | |
| STATE AUTO PROPERTY AND | ) | |
| CASUALTY INSURANCE COMPANY | ) | |
| 518 E. Broad St. | ) | |
| Columbus, OH 43215 | ) | Civil Action No. 13-CV-602 |
| | ) | |
| STATE AUTO INSURANCE COMPANY | ) | |
| 518 E. Broad St. | ) | |
| Columbus, OH 43215 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| KEVIN SCHULFER | ) | |
| 2025 W. Brentwood Dr. | ) | |
| Stevens Point, WI 54481 | ) | |
| | ) | |
| EARL BAINES | ) | |
| 49 Belmont Acres | ) | |
| Tumbling Shoals, AR 72581 | ) | |
| | ) | |
| PETER KOWALSKI | ) | |
| 4381 Muirfield Way | ) | |
| Westlake, Ohio 44145 | ) | |
| | ) | |
| MIRIAM SMITH | ) | |
| 870 Durham Brown Road | ) | |
| Seneca SC, 29678 | ) | |
| | ) | |
| DAVE DROWN | ) | |
| 338 Timberdale Ct. | ) | |
| Nashville, TN 37211 | ) | |
| | ) | |
| Involuntary Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| WHIRLPOOL CORPORATION | ) | |
| 2000 N. M-63 | ) | |
| Benton Harbor, MI  49022-2692 | ) | |

|                                              |     |
| -------------------------------------------- | --- |
|                                              | )   |
| ELBI OF AMERICA, INC.                        | )   |
| 4627 N. Sam Houston Parkway East             | )   |
| Houston, TX 77032                            | )   |
|                                              | )   |
|     Defendants.          | )   |

## COMPLAINT

Plaintiffs State Auto Insurance Company of Wisconsin, State Auto Property and Casualty Insurance Company, and State Auto Insurance Company (collectively "State Auto") for their complaint against defendants Whirlpool Corporation and Elbi of America, Inc., state:

### JURISDICTION

1.      The Subject Matter Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as the plaintiffs and the defendants are citizens of different states, are diverse parties and the amount in controversy exceeds $75,000.00.

2.      Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(b)(2) because as a substantial part of the events or omissions giving rise to the claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.  Alternatively, venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(b)(3) because the defendants do business throughout the State of Wisconsin and specifically throughout the Western District of Wisconsin.

### PARTIES

3.      State Auto Insurance Company of Wisconsin is an insurance company domiciled in the State of Wisconsin and engaged in the business of insuring properties throughout the United States including Wisconsin, with its principal place of business at 518 E. Broad Street, Columbus, Ohio.

4.     State Auto Property and Casualty Company is an insurance company domiciled in the State of Iowa and engaged in the business of insuring properties throughout the United States including Wisconsin, with its principal place of business at 518 E. Broad Street, Columbus, Ohio.

5.     State Auto Insurance Company is a foreign insurance company domiciled in the State of Ohio and engaged in the business of insuring properties throughout the United States including Wisconsin, with its principal place of business at 518 E. Broad Street, Columbus, Ohio.

6.     Kevin Shulfer ("Shulfer") is an adult resident of Wisconsin, who resides at 2025 W. Brentwood Dr., Stevens Point, Wisconsin.  State Auto is not making any claim against Shulfer.  Rather, Shulfer is named as an involuntary plaintiff pursuant to Wis. Stats. § 803.03(2) because State Auto's rights arise from subrogation.

7.     Earl Baines ("Baines") is an adult resident of Arkansas, who resides at 49 Belmont Acres, Tumbling Shoals, Arkansas.  State Auto is not making any claim against Baines. Rather, Baines is named as an involuntary plaintiff pursuant to Wis. Stats. § 803.03(2) because State Auto's rights arise from subrogation.

8.     Peter Kowalski ("Kowalski") is an adult resident of Ohio, who resides at 4381 Muirfield Way, Westlake, Ohio.  State Auto is not making any claim against Kowalski. Rather, Kowalski is named as an involuntary plaintiff pursuant to Wis. Stats. § 803.03(2) because State Auto's rights arise from subrogation.

9.     Miriam Smith ("Smith") is an adult resident of South Carolina, who resides at 870 Durham Brown Road, Seneca, South Carolina.  State Auto is not making any claim against

Smith.  Rather, Smith is named as an involuntary plaintiff pursuant to Wis. Stats. § 803.03(2) because State Auto's rights arise from subrogation.

10.     Dave Drown ("Drown") is an adult resident of Tennessee, who resides at 338 Timberdale Ct., Nashville, Tennessee.  State Auto is not making any claim against Timberdale. Rather, Timberdale is named as an involuntary plaintiff pursuant to Wis. Stats. § 803.03(2) because State Auto's rights arise from subrogation.

11.     Defendant Whirlpool Corporation ("Whirlpool") is a Delaware corporation with its principal place of business located at 2000 N. M-63, Benton Harbor, MI 49022-2692.  Its registered agent for service of process in the State of Wisconsin is CSC-Lawyers Incorporating Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin.

12.     At all times relevant to this complaint, Whirlpool was engaged in the business of designing, manufacturing, and distributing dishwashers throughout the United States, including Wisconsin.

13.     Defendant Elbi of America, Inc. ("Elbi") is a Texas corporation with its principal place of business located at 4627 N. Sam Houston Parkway East, Houston, Texas.

14.     At all times relevant to this complaint, Elbi was engaged in the business of designing, manufacturing, and distributing water valves for appliances sold throughout the United States, including Wisconsin.

## BACKGROUND

15.     At all times relevant, the involuntary plaintiffs either owned or rented homes at the corresponding addresses identified on Exhibit A.  The homes were insured by State Auto.

16.     Water losses occurred at the homes of the involuntary plaintiffs on the dates identified in Exhibit A.

4

17.     Pursuant to their respective insurance policies, the involuntary plaintiffs submitted claims to State Auto seeking payment and/or reimbursement for property damage that resulted from the water losses.

18.     State Auto was obligated to, and did, in fact, pay over $75,000.00 to or on behalf of its insureds for damages to property insured by State Auto and caused by the water losses, as set forth in Exhibit A.

## FACTS

19.     At various dates and times, the involuntary plaintiffs purchased appliances and/or purchased or rented homes equipped with appliances that were designed, manufactured, distributed and sold in the stream of commerce by Whirlpool.

20.     The aforementioned appliances included a washing machine in the home of Shulfer and dishwashers in the homes of Baines, Kowalski, Smith and Drown (collectively the "Whirlpool Appliances").

21.     The Whirlpool Appliances were each manufactured with a water valve that was manufactured and supplied by Elbi (the "Elbi Valves").

22.     The Whirlpool Appliances reached the involuntary plaintiffs without substantial change in the condition in which they were sold.  The involuntary plaintiffs used the Whirlpool Appliances for their intended purpose and in a manner reasonably foreseeable by Whirlpool and Elbi.

23.     The Elbi Valves on the Whirlpool Appliances failed due to a manufacturing defect, causing significant water related property damage in the homes of the involuntary plaintiffs.  The date of each water loss and the address of each home that sustained property damage are listed in Exhibit A.

## COUNT I – STRICT LIABILITY

24.     All prior paragraphs are incorporated by reference.

25.     The Whirlpool Appliances and the Elbi Valves installed on the Whirlpool Appliances were in a defective and unreasonably dangerous condition when they left the control of the respective defendants and entered the stream of commerce.

26.     As a direct and proximate result of the aforementioned defective and unreasonably dangerous condition, the Elbi Valves and Whirlpool Appliances caused significant water related property damage.

27.     Pursuant to the provisions of the policies of insurance issued to their insureds, State Auto paid to or on behalf of its insureds sums in excess of $75,000.00 to repair or replace damaged or destroyed property and otherwise compensate its insureds for losses sustained as the result of the water damage.

28.     By virtue of its payments, terms of its policies of insurance, and by virtue of equity, State Auto is subrogated to all rights, remedies, and causes of action accruing to its insureds and against Whirlpool and Elbi.

## COUNT II – NEGLIGENCE OF WHIRLPOOL

29.     All prior paragraphs are incorporated by reference.

30.     At all times relevant, Whirlpool had a duty to exercise reasonable care in the design, manufacture, and distribution of the Whirlpool Appliances.

31.     Upon information and belief, Whirlpool breached its duty of care by, among other things, negligently designing, manufacturing, testing, inspecting and/or distributing the Whirlpool Appliances.

32.     As a direct and proximate result of Whirlpool's negligent acts or omissions, the dishwashers leaked water in the homes of the involuntary plaintiffs, causing significant related property damage.

33.     Pursuant to the provisions of the policies of insurance issued to their insureds by State Auto, State Auto paid to or on behalf of its insureds sums in excess of $75,000.00 to repair or replace damaged or destroyed property and otherwise compensate its insureds for losses sustained as the result of said water damage.

34.     By virtue of those payments, the terms of its policies of insurance, and by virtue of equity, State Auto is subrogated to all rights, remedies, and causes of action accruing to their insureds and against Whirlpool.

## COUNT III – NEGLIGENCE OF ELBI

35.     All prior paragraphs are incorporated by reference.

36.     At all times relevant, Elbi had a duty to exercise reasonable care in the design, manufacture, and distribution of the Elbi Valves.

37.     Upon information and belief, Elbi breached its duty of care by, among other things, negligently designing, manufacturing, testing, inspecting and/or distributing the defective valves at issue in this case.

38.     As a direct and proximate result of one or more of Elbi's negligent acts or omissions, the Elbi Valves leaked water in the homes of the involuntary plaintiffs, causing significant related property damage.

39.     Pursuant to the provisions of the policies of insurance issued to their insureds by State Auto, State Auto paid to or on behalf of its insureds sums in excess of $75,000.00 to repair

or replace damaged or destroyed property and otherwise compensate its insureds for losses sustained as the result of said water damage.

40.     By virtue of those payments, the terms of its policies of insurance, and by virtue of equity, State Auto is subrogated to all rights, remedies, and causes of action accruing to their insureds and against Elbi.

WHEREFORE, State Auto demands judgment against Whirlpool and Elbi in an amount to be determined, plus prejudgment interest, all taxable costs, fees and disbursements and all other just and equitable relief.

Dated: August 28, 2013                    Respectfully submitted,

**STATE AUTO INSURANCE COMPANY OF WISCONSIN, STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, and STATE AUTO INSURANCE COMPANY**

By: /s/Teirney S. Christenson
    Teirney S. Christenson (SBN 1056438)
    YOST & BAILL, LLP
    2300 N Mayfair Rd., Suite 745
    Milwaukee, WI 53226
    T: (414) 203-2054
    F: (414) 259-0610
    tchristenson@yostbaill.com