IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STATE AUTO INSURANCE COMPANY
OF WISCONSIN, STATE AUTO PROPERTY
AND CASUALTY INSURANCE COMPANY,
And STATE AUTO INSURANCE COMPANY,

                Plaintiffs,                OPINION AND ORDER

KEVIN SCHULFER, EARL BAINES, PETER        No. 13-cv-602-wmc
KOWALSKI, MIRIAM SMITH, and DAVE
BROWN,

                Involuntary Plaintiffs,

   v.

WHIRLPOOL CORPORATION and ELBI
OF AMERICA, INC.,

                Defendants.

---

     In this subrogation action, plaintiffs State Auto Insurance Company of Wisconsin, State Auto Property and Casualty Insurance Company, and State Auto Insurance Company seek to recover payments previously made to their insureds, the involuntary plaintiffs, as a result of an alleged defect in a valve manufactured by defendant Elbi of America, Inc., which is used in dishwashers and washing machines manufactured and sold by defendant Whirlpool Corporation. (Compl. (dkt. #1).) The three plaintiffs are all members of a holding company, State Auto Mutual Insurance Company. As detailed in Exhibit A attached to the complaint, none of the three plaintiffs has a claim that exceeds $75,000 as required under 28 U.S.C. § 1332(a). (Compl., Ex. A (dkt. #1-3).) On this basis, defendant Whirlpool Corporation moves to dismiss for lack of subject

matter jurisdiction under 12(b)(1). (Dkt. #8.) Because none of the plaintiffs individually satisfy the amount in controversy requirement and the claims cannot be aggregated, the court agrees and will grant defendant's motion to dismiss the named plaintiffs, but will also grant them leave to amend the complaint to substitute the holding company, State Auto Mutual Insurance Company, as the sole plaintiff.

ALLEGATIONS OF FACT

Plaintiffs assert state law claims for negligence and strict liability, relying on this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff State Auto Insurance Company of Wisconsin is citizen of Wisconsin and Ohio; plaintiff State Auto Property and Casualty Company is a citizen of Iowa and Ohio; and plaintiff State Auto Insurance Company is a citizen of Ohio. (Compl. (dkt. #1) ¶¶ 3-5.) Defendant Whirlpool Corporation is a citizen of Delaware and Michigan, and defendant Elbi of America, Inc. is a citizen of Texas. (*Id.* at ¶¶ 11, 13.) As such, complete diversity between the parties exists.[1] As described above, none of the plaintiffs assert a claim that exceeds $75,000: (1) State Auto Wisconsin asserts a claim of $66,859.75; (2) State Auto Property asserts a claim of $8,339.49; (3) State Auto Insurance asserts a claim of $40,000. (Compl., Ex. A (dkt. #1-3).)

---

[1] The court has not recounted the citizenship of the individual involuntary plaintiffs since they appear to be nominal parties. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."). Even if the court were to consider them, none are citizens of Delaware, Michigan or Texas -- the states of which defendants are citizens. (*See* Compl. (dkt. #1) ¶¶ 6-10.)

OPINION

While one party may aggregate its own claims, the general rule is that multiple plaintiffs cannot aggregate their claims to meet the amount in controversy requirement. *See McMillian v. Sheraton Chi. Hotels & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) ("To meet the amount-in-controversy requirement, 'the separate claims of multiple plaintiffs against a single defendant cannot be aggregated.'") (quoting *Clark v. State Farm Mut. Auto. Ins. Co.*, 473 F.3d 708, 711 (7th Cir. 2007)). In response, plaintiffs contend that defendant's motion "exalts form over function by separating three plaintiffs that are, for all intents and purposes, the same entity." (Pls.' Opp'n (dkt. #12) 1.) In support, plaintiffs cite to *Allstate Ins. Co. v. Hechinger Co.*, 982 F. Supp. 1169, 1172 (E.D. Va. 1997), in which the district court allowed a *single* insurance company plaintiff to aggregate its claims concerning multiple insureds to satisfy the amount in controversy requirement.

Here, however, there are three plaintiffs at stake, and the court would have to aggregate plaintiffs' separate claims -- rather than just the claims of insureds -- in order for the amount in controversy requirement to be met. While the court accepts plaintiffs' representation that all are members of a "holding company system under the control of State Auto Mutual Insurance Company," (Pl.'s Opp'n (dkt. #12) 2), the court cannot disregard that the three plaintiffs are separate, legal entities. To do so -- as defendant points out in its reply -- would be contrary to cases dismissing affiliated insurance companies (*i.e.*, parent companies) from actions because the affiliated insurance company did not issue the policy at stake in the lawsuits. (Def.'s Reply (dkt. #14) 3-4.)

In their opposition, plaintiffs also point out that "the payments on which the Plaintiffs seek to recover were paid from a single bank account held by State Auto Insurance Companies," the holding company. (Pl.'s Opp'n (dkt. #12) 2 (citing Affidavit of Teirney S. Christenson (dkt. #13) ¶ 6; *id.*, Ex. E (dkt. #13-5).) In a footnote, plaintiffs request that the court permit plaintiffs to amend the complaint to name State Auto Insurance Companies as the single named plaintiff. (Pls.' Opp'n (dkt. #12) 1 n.1.) Because the holding company appears to have actually paid the claims at issue -- and not simply because of its position as a holding company -- it appears that State Auto Insurance Companies may well have standing to pursue the subrogated claims. *See Estate of Kriefall v. Sizzler USA Franchise, Inc.*, 2012 WI 70, ¶ 37, 342 Wis. 2d 29, 816 N.W.2d 853 ("Subrogation is akin to indemnification in that it seeks to recoup the total payment that the party seeking subrogation has made."). Accordingly, while the court will grant defendant's motion, the court finds plaintiffs' request to amend reasonable and will grant that request as well. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party.").

ORDER

IT IS ORDERED that:

1) Defendant Whirlpool Corporation's motion to dismiss (dkt. #8) is GRANTED with respect to the named plaintiffs;

2) State Auto Insurance Company is granted leave to amend the complaint naming itself as the sole plaintiff, provided the amended complaint is filed and served on or before December 26, 2013; and

3) Failure to comply with this order shall result in dismissal of this case without prejudice.

Entered this 17th day of December, 2013.

                                BY THE COURT:

                                /s/

                                _____
                                WILLIAM M. CONLEY
                                District Judge